UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

GUS LIVINGSTON ELLIOTT,

      *Plaintiff*,

V.

MARK LINNELL, and

                                       No. 4:05-CV-344

GREGORY J. PRICKETT,

In their Individual Capacities As
Peace Officers Commissioned by
The University of North Texas,

      *Defendants*

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Gus Livingston Elliott, Plaintiff in the above captioned cause, and, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and Title 42, United States Code, Sections 1983 and 1988, files this First Amended Complaint seeking compensatory and punitive damages against the Defendants hereinafter named, and in this connection would respectfully show unto the Court as follows:

1. **Parties.**

    1.1  Plaintiff Gus Livingston Elliott (hereinafter "Plaintiff") is a resident of San Marcos, Hays County, Texas.

    1.2  Defendant Mark Linnell (hereinafter "Defendant Linnell") is a resident of Denton County, Texas, and at all relevant times alleged herein, Linnell was

     acting under color of law as a peace officer commissioned by the University of North Texas Police Department. Defendant Linnell has previously been served with summons and has formally entered an appearance in this matter.

1.3    Defendant Gregory J. Prickett (hereinafter "Defendant Prickett") is a resident of Denton County, Texas, and at all relevant times alleged herein, Prickett was acting under color of law as a peace officer commissioned by the University of North Texas Police Department. Defendant Prickett has previously been served with summons and has formally entered an appearance in this matter.

2. **Facts.**

    2.1    In the early morning hours of August 16, 2003, the Plaintiff, a 19 year-old student at the University of North Texas, was lawfully operating a motor vehicle in the City of Denton, Texas, when he was detained by Defendant Prickett in the 1100 block of Maple Street for allegedly failing "to stop at designated point" at the intersection of Welch and Highland Streets.

    2.2    After stopping the Plaintiff, Defendant Prickett asked Plaintiff whether he had been consuming any alcoholic beverages, to which Plaintiff replied that he had not.

    2.3    At Defendant Prickett's request, Plaintiff exited his vehicle and thereafter performed standardized field sobriety tests administered by Defendant Prickett at the rear of Plaintiff's vehicle.

    2.4    At the conclusion of the foregoing field sobriety tests, Defendant Prickett requested, and Plaintiff submitted to, a test of his breath administered by

      Defendant Pricket with a "portable breath test" device designed to detect the presence of alcohol.

2.5    While Plaintiff was submitting to the foregoing test of his breath, Defendant Linnell and another University police officer, William Hitt, arrived at the scene.

2.6    When the test of Plaintiff's breath was completed by Defendant Prickett, Defendant Prickett asked Plaintiff how much alcohol he had consumed. Adhering to his earlier answer, Plaintiff again denied that he had consumed any alcohol. Defendant Prickett then declared, for the first time, that he, Prickett, could smell alcohol on Plaintiff's breath. In response, Plaintiff verbally disputed that Prickett could smell alcohol on Plaintiff's breath, and again stated that he, Plaintiff, had not consumed any alcoholic beverages.

2.7    At this point, angered by Plaintiff's response, Defendant Prickett ordered Plaintiff to turn around and place his hands behind his back. Realizing that Defendant Prickett intended to place him under arrest, the Plaintiff, without any physical resistance or attempt to flee, uttered the words "oh man" in frustration.

2.8    Within three seconds after Defendant Prickett's initial order directing Plaintiff to turn around and place his hands behind his back, during which time Plaintiff uttered the words "oh man" in frustration, Defendant Linnell, along with Defendant Prickett, violently attacked Plaintiff without any provocation whatsoever.

2.9   In the course of the violent physical attack on Plaintiff by Defendants Linnell and Prickett, Defendant Linnell violently slammed Plaintiff's head face- first onto the trunk area of Plaintiff's vehicle.

2.10  The unprovoked assault on Plaintiff was recorded by a police video camera mounted on the dashboard of Defendant Prickett's police car. As disclosed by the videotape recording of what transpired (a copy of which has previously been provided to the Court), while Defendant Prickett did not personally and directly slam Plaintiff's face into the trunk area of Plaintiff's vehicle, Prickett was a full active participant, and an integral part of, the violent seizure of Plaintiff. Defendant Prickett in fact was restraining Plainitff by Plaintiff's right arm as Defendant Linnell proceeded to slam Plaintiff face into the upper surface of the trunk of Plaintiff's vehicle. As further shown by the aforementioned videotape, the unprovoked assault on Plaintiff committed by Defendant Linnell occurred in the presence of Defendant Prickett, yet Prickett did nothing to intervene and prevent or stop Linnell's attack on Plaintiff.

2.11  As the result of Defendant Linnell's act of slamming Plaintiff's face onto the top surface area of the trunk of Plaintiff's vehicle, one of Plaintiff's front teeth was broken off and Plaintiff's chin was severely cut, causing Plaintiff extreme pain.

2.12  Shortly after the foregoing unprovoked assault of Plaintiff by Defendants Linnell and Prickett, the Plaintiff was placed under arrest and transported to the Denton County Jail. When Defendant Prickett, after arrival at the

Denton County Jail, attempted to deliver Plaintiff into the custody of Denton County Jail officials, however, Denton County Jail officials refused to accept Plaintiff into custody due to the injuries Plaintiff had sustained.

2.13 After further unnecessary delay, Plaintiff was eventually transported to Denton Community Hospital for emergency treatment of his physical injuries, which included Plaintiff's broken front tooth and the laceration on Plaintiff's chin that required 5 stitches.

2.14 After receiving emergency medical treatment for his physical injuries at Denton Community Hospital, Plaintiff was taken to the Denton County Jail and incarcerated.

2.15 Later, on August 16, 2003, in an effort to avoid official responsibility for the foregoing unprovoked assault of Plaintiff, Defendant Prickett composed an arrest warrant affidavit wherein Prickett falsely swore under oath that Plaintiff, when informed that he was being placed under arrest, "began to fight" and "headbutted Ofc. Linnell".

2.16 As the result of Defendant Prickett's false affidavit, and at Defendant Prickett's request, Denton County Magistrate Robin Ramsay, at the arraignment required under Article 15.17 of the Texas Code of Criminal Procedure, found that probable cause existed to support a charge against Plaintiff for the Felony offense of Assault on a Public Servant in violation of Section 22.01(b)(1) of the Texas Penal Code. The Plaintiff's bond for pre-trial release was set at $10,000 (Ten Thousand Dollars), and after retaining

      the services of a local bondsman, and posting bond, Plaintiff was released from the Denton County Jail.

2.17  After investigation of the events leading to Plaintiff's arrest as described herein, the felony intake division of the Denton County Criminal District Attorney's Office declined to pursue felony charges against Plaintiff. Although a misdemeanor charge of "resisting arrest" was subsequently filed against Plaintiff on the basis of Defendant Prickett's false affidavit, further investigation by the misdemeanor division of the Denton County Criminal District Attorney's Office resulted in the Denton County Criminal District Attorney's Office filing, on October 17, 2003, a motion to dismiss on the ground that, as stated therein: "The State of Texas cannot make a *prima facie* case… on this charge of resisting arrest."

2.18  Notwithstanding the exoneration of Plaintiff, as evidenced by the foregoing actions of the Denton County Criminal District Attorney's Office, no criminal charges were ever filed against any of the Defendants for their unprovoked assault of Plaintiff, or against Defendant Prickett for deliberately and knowingly submitting a false affidavit accusing Plaintiff of the Felony Offense of Assault of a Public Servant.

**3.** **<u>Constitutional Violation Alleged</u>.**

3.1  The Plaintiff alleges that his right to be secure in his person against unreasonable seizure under the Fourth Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment to the United

States Constitution, was violated by the seizure of his person on the occasion in question.

3.2  The Plaintiff alleges that, as the result of the foregoing constitutional violation, he sustained: (a) an injury, which (b) resulted directly and only from the use of force that that was clearly excessive to the need; and the excessiveness of which was (c) objectively unreasonable.

4. **Statutory Liability Alleged.**

4.1  Section 1983 provides in relevant part that any person who, under color of law, "subjects, or causes to be subjected, any citizen of the United States… to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding".

4.2  The Plaintiff alleges that Defendant Linnell is liable to Plaintiff, under Section 1983, for directly using objectively unreasonable force against Plaintiff when seizing him in violation of the Fourth Amendment.

4.3  The Plaintiff alleges that Defendant Prickett was present, an active participant, and an integral part of the seizure of Plaintiff, and that Defendant Prickett is therefore liable to Plaintiff, under Section 1983, jointly and severally with Defendant Linnell, for the objectively unreasonable use of force against Plaintiff by Defendant Linnell.

5. **Compensatory Damages.**

The Plaintiff alleges that Defendants Linnell and Prickett are liable to Plaintiff, jointly and severally, for all personal injuries and economic losses sustained by Plaintiff

incurred as the result of the Defendants' actions complained of herein. In this connection, the Plaintiff seeks full recovery of compensatory damages from the Defendants for:

5.1  the anguish, pain, mental suffering, emotional distress, embarrassment, humiliation, and outrage, that Plaintiff experienced as the result of his constitutionally unreasonable seizure;

5.2  past reasonable and necessary medical expenses that have been incurred by Plaintiff directly as the result of the constitutionally unreasonable seizure of his person;

5.3  future reasonable and necessary medical expenses in the amount of $150,000.00 (One Hundred Fifty Thousand Dollars), which, based on reasonable medical probability, the Plaintiff will incur directly as the result of the constitutionally unreasonable seizure of his person;

5.4  pre-judgment interest on all compensatory damages to which Plaintiff shows himself entitled for injuries or economic losses incurred prior to verdict and final judgment in this matter.

6. **Punitive Damages.**

6.1  The Plaintiff alleges that the conduct of Defendants Linnell and Prickett, on the occasion in question, were motivated by an actual evil intent or motive; or in the alternative, that the conduct of Defendants Linnell and Prickett, on the occasion in question, demonstrates a reckless or callous indifference to Plaintiff's federally protected rights, as well as a reckless indifference to the rights of others.

6.2  Based on the facts alleged in the preceding paragraph, Plaintiff alleges that Defendants Linnell and Prickett are individually liable to Plaintiff under Section 1983 for punitive damages.

**7. <u>Attorney's Fees under Title 42 U.S.C. Section 1988</u>.**

The Plaintiff would further show that as the result of the deprivation of his constitutional rights as alleged herein, Plaintiff was required to retain the services of the undersigned attorney to secure the redress Plaintiff seeks; and that, upon entry of a final judgment establishing Plaintiff as the prevailing party herein (if not earlier as may be appropriate), the Plaintiff shall be entitled to an award by the Court of his reasonable attorneys' fees, against the Defendants, jointly and severally, pursuant to Title 42 U.S.C. Section 1988.

**8. <u>Jury Demand</u>.**

Pursuant to the Seventh Amendment to the United States Constitution, and federal statutory law, the Plaintiff hereby invokes his right to a trial by jury on all genuine issues of material fact in this case.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, the Plaintiff prays that, upon final hearing, this Honorable Court will:

A) Enter judgment declaring that the seizure of Plaintiff was objectively unreasonable and in violation of Plaintiff's constitutional right to be secure in his person against unreasonable seizure protected by the Fourth and Fourteenth Amendments to the United States Constitution;

B) Award Plaintiff compensatory damages against the Defendants as requested herein;

C) Award Plaintiff punitive damages against the Defendants as requested herein;

D) Award Plaintiff pre-judgment interest on all compensatory damages to which Plaintiff shows himself entitled for injuries or economic losses incurred prior to any verdict and final judgment in this matter;

E) Award Plaintiff pre-judgment interest on all punitive damages to which Plaintiff shows himself entitled;

F) Award Plaintiff his reasonable attorneys' fees pursuant to Title 42 U.S.C. Section 1988;

G) Enter a final judgment in favor of Plaintiff and against Defendants for Plaintiff's costs of court and interest at the legal rate; and

H) Award Plaintiff such other and further relief to which he may show himself entitled, at law or in equity.

Respectfully submitted,

_____
Richard Gladden
Texas Bar No.07991330
100 West Oak, Ste. 302
Denton, Texas 76201
940/323-9307
Fax: 940/382-5829

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Richard Gladden, hereby certify that I have delivered a true and correct copy of the foregoing document on the Defendants, by service on their Attorney of Record, Mr. Seth Dennis, Assistant Attorney General of the State of Texas, by e-mail (to: Seth.Dennis@oag.state.tx.us ); and by U.S. mail (to P.O. Box 12548, Austin, Texas 78711-2548), on this 11th day of April, 2007.

>    /s/
> Richard Gladden