**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| GUS LIVINGSTON ELLIOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-344 |
| | § | |
| MARK LINNELL, GREGORY J. | § | |
| PRICKETT and WILLIAM HITT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION AND SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

The following motions and responses are pending before the court:

1. Defendants' motion for summary judgment (docket entry #26);

2. Plaintiff's response in opposition to Defendants' motion for summary judgment and brief (docket entry #29);

3. Defendants' supplemental motion for summary judgment (docket entry #34);

4. Plaintiff's response to Defendants' supplemental motion for summary judgment (docket entry #36);

5. Defendants' reply to Plaintiff's response to Defendants' motion for summary judgment (docket entry #38);

6. Defendants' reply to Plaintiff's response to Defendants' supplemental motion for summary judgment (docket entry #43); and

7. Plaintiff's sur-reply to Defendants' reply to Plaintiff's response to Defendants' supplemental motion for summary judgment (docket entry #44).

Having considered the Defendants' motion and supplemental motion for summary judgment as well

as the responsive briefing thereto, the court is of the opinion that the Defendants' motion and

supplemental motion for summary judgment should be denied.

## BACKGROUND

The facts of this case are in dispute. On August 16, 2003 at approximately 4:09 a.m., Defendant Gregory J. Prickett ("Prickett"), a certified peace officer employed by the University of North Texas, conducted a traffic stop. According to Prickett, the Plaintiff, a 19 year old student at the University of North Texas, was observed traveling in a red, two door Chevrolet with his high beam headlights on, driving at a speed of approximately 10 miles per hour in a 20 mile per hour speed zone. Prickett initiated the traffic stop at 600 Welch Street in Denton, Texas because the Plaintiff failed to stop at a designated point at 1100 West Highland Street. Prickett subsequently stopped the Plaintiff at 1100 Maple Street (approximately two blocks later) in Denton, Texas. Prickett observed the Plaintiff's vehicle run into a curb as the Plaintiff stopped his vehicle. Upon approaching the Plaintiff, Prickett noticed that the Plaintiff had slurred speech, bloodshot eyes, a strong odor of alcohol and generally appeared to be intoxicated. When the Plaintiff exited his vehicle, Prickett observed the Plaintiff fall against the door of his vehicle. Although the Plaintiff denied the allegation that he had consumed alcohol, the preliminary breath test revealed the presence of alcohol. This fact, taken with the fact that the Plaintiff did not perform well on the field sobriety tests, led Prickett to the conclusion that the Plaintiff was intoxicated.

While Pricket administered the field sobriety tests to the Plaintiff, Officers Linnell[1] and Hitt[2], certified peace officers with the University of North Texas, appeared on the scene in response to Prickett's request for backup. During the administration of the field sobriety tests, Linnell and Hitt

---

[1] Officer Linnell is a Defendant herein.

[2] The Plaintiff abandoned his claims against Officer Hitt.

heard the Plaintiff question Prickett about why Prickett was "doing this" to him. After concluding that the Plaintiff was intoxicated, Prickett informed the Plaintiff that he was under arrest. Prickett then ordered the Plaintiff to place his hands behind his back. According to the Defendants, however, the Plaintiff began to back away from Prickett. Prickett grabbed the Plaintiff's right arm while Linnell grabbed the Plaintiff's left arm. As Linnell seized the Plaintiff's left arm, the Plaintiff's head came into contact with Linnell's head causing injury to Linnell.[3] Linnell then forcibly placed the Plaintiff against the trunk of the Plaintiff's vehicle which resulted in the Plaintiff receiving a chipped tooth and lacerated chin. Prickett subsequently placed the Plaintiff in handcuffs. The Plaintiff disputes the majority of the above-referenced facts, referencing the court to the videotape of the incident at issue. Most significantly, the Plaintiff argues that he did not attempt to flee from Prickett. Further, the Plaintiff argues that his head came into contact with Linnell's head when Linnell forcibly placed him on the trunk of his vehicle. The Plaintiff subsequently filed this lawsuit alleging civil rights violations under 42 U.S.C. § 1983. The Defendants have asserted the defense of qualified immunity.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

---

[3] At the time that the Plaintiff's head came into contact with Linnell's head, Linnell was of the opinion that the Plaintiff had "head-butted" him. An internal investigation concluded otherwise. However, "'[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.'" *Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006) (citation omitted).

is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enterprises, Inc. v. American Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981)(citations omitted). The substantive law identifies which facts are material. *See id*. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See id*. at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News*, *Inc*., 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). The nonmovant must adduce affirmative evidence. *See Anderson*, 477 U.S. at 257.

### DISCUSSION AND ANALYSIS

A.     42 U.S.C. § 1983 AND MARK LINNELL

The Plaintiff alleges that Linnell, in his individual capacity, violated his Fourth and Fourteenth Amendment rights through the use of excessive force during his arrest. As noted previously, Linnell has asserted the defense of qualified immunity.

"The doctrine of qualified immunity seeks to strike a balance between competing social objectives, providing breathing space for the vigorous exercise of official authority, while at the same time allowing a possibility of redress for victims of officials' abuses." *Hernandez ex rel. Hernandez v. Texas Dep't of Protective and Regulatory Services*, 380 F.3d 872, 879 (5th Cir. 2004) (citations omitted). "Therefore, as a general rule, against claims arising under federal law, government officials acting within their discretionary authority are immune from civil damages if their conduct does not violate clearly established statutory or constitutional law of which a reasonable person would have known." *Id.*, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (remaining citation omitted).

"The qualified immunity analysis is a two-step inquiry." *Id.* "First, a court must decide whether a plaintiff's allegation, if true, establishes a violation of a clearly established right." *Id.* (citation omitted). "Second, if the plaintiff has alleged a violation, the court must decide whether the conduct was objectively reasonable in light of clearly established law at the time of the incident." *Id.* (citation omitted). "Even if the government official's conduct violates a clearly established right, the official is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Id.* (citation omitted).

"Although qualified immunity is a two-step analysis, the threshold issue presented by any case arising under Section 1983 is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution." *Id.* (citation omitted). "It is well-established that Section 1983 does not create substantive rights; rather, it merely provides civil remedies for deprivations of rights established under the Constitution or federal laws." *Id.* (citation omitted).

The test for qualified immunity in the context of excessive force is as follows: "a claim for

excessive force in violation of the Constitution requires (1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999) (citation omitted). In order to meet the first prong of the test, a plaintiff must establish that he suffered some form of injury. *Id*. (citation omitted). "In determining whether an injury caused by excessive force is more than de minimis, [the court looks] to the context in which that force was deployed." *Id*. "'[T]he amount of injury necessary to satisfy [the court's] requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances.'" *Id*. at 703-704, quoting *Ikerd v. Blair*, 101 F.3d 430, 434 (5th Cir. 1996).

Here, the Plaintiff has offered evidence that Linnell's actions caused him to suffer a chipped tooth.[4] The court must, therefore, determine whether in the context in which the force was used, the Plaintiff's chipped tooth amounted to an injury sufficient to allege a constitutional violation. *See id*. at 704. Although the Plaintiff did not provide the court with either an affidavit or the relevant portions of the Plaintiff's deposition relating to the actual use of force, the Plaintiff did refer the court to the videotape of the incident in question. Based on the videotape, the Plaintiff argues that he did not attempt to back away from Prickett after being informed that he was being placed under arrest. Further, the Plaintiff argues that Linnell's injuries were a product of Linnell's assaultive behavior towards the Plaintiff. Pl. Resp., p. 8, ¶ 8. The court has reviewed the videotape and notes that it is not a model of clarity. The videotape does not definitively establish whether the Plaintiff was attempting to flee after being informed that he was being placed under arrest. Likewise, the

---

[4]Although the Plaintiff alleged in his amended complaint that he also suffered a laceration on his chin that required five stitches, the Plaintiff did not present summary judgment evidence concerning this injury.

videotape does not definitively establish the manner in which the Plaintiff's and Linnell's heads collided. In reviewing the videotape in the light most favorable to the Plaintiff, the court concludes that in the context in which Linnell exercised force over the Plaintiff, a reasonable jury could conclude that the Plaintiff suffered more than a *de minimis* injury.[5] Summary judgment is, therefore, precluded on this ground. *See Almond v. Tarver*, 468 F.Supp.2d 886, 900-901 (E.D. Tex. 2006) (Crone, J.).

The Defendants' motion further contends that Linnell's use of force was objectively reasonable.[6] The Defendants argue as follows:

> Plaintiff was moving away from Sgt. Prickett and Officer Linnell. Quick action was necessary to insure that the situation did not get out of control. Once Officer Linnell's head struck Plaintiff's, his action in securing Plaintiff was reasonable based upon his belief that he had been attacked by Elliott during the struggle [ ].

Defendants' Mtn. for Summ. Judg., p. 5. However, as noted above, conflicting evidence is before the court as to whether the Plaintiff resisted arrest. Additionally, conflicting evidence is before the court as to how the Plaintiff's and Linnell's heads collided. The court finds the conflicting evidence presents genuine issues of material fact to be resolved by a jury.

### B.  42 U.S.C. § 1983 AND GREGORY J. PRICKETT

The Plaintiff additionally alleges that Prickett, in his individual capacity, also violated his Fourth and Fourteenth Amendment rights. The Plaintiff alleged in his original complaint, as well

---

[5] The court notes that both the Plaintiff and the Defendants have presented the affidavits of their respective law enforcement expert witnesses, each differing on the central issues of whether the Plaintiff was resisting arrest and the manner in which the Plaintiff's and Linnell's heads came into contact. Additionally, the parties have presented affidavits from conflicting dentists, each differing on the extent of the injuries to the Plaintiff's chipped tooth. The balancing of the competing expert witnesses' opinions will be left to the sound discretion of the jury.

[6] The Defendants did not present any argument with respect to the second element, *i.e.*, whether the injury resulted directly and only from the use of force that was clearly excessive to the need.

as his first amended complaint, the following:

> The Plaintiff alleges that Defendant Prickett was present, an active participant, and an integral part of the seizure of Plaintiff, and that Defendant Prickett is therefore liable to Plaintiff, under Section 1983, jointly and severally with Defendant Linnell, for the objectively unreasonable use of force against Plaintiff by Defendant Linnell.

Pl. Orig. Compl., p. 8, ¶ 6.3; Pl. First Amd. Compl., p. 7, ¶ 4.3. The Plaintiff further argues that Prickett failed "to intervene and prevent or stop Linnell's attack on Plaintiff." Pl. First Amd. Compl., p. 4, ¶ 2.10.

Prickett contends that he was a bystander to Linnell's actions. Prickett further contends that the incident in question took place in a matter of seconds. Therefore, Prickett argues that he did not have any realistic opportunity to prevent Linnell's actions. Although this might be true, Prickett's argument does not reach the Plaintiff's core allegation.

The Plaintiff has alleged that Prickett was an active participant in the events giving rise to this lawsuit. Although Prickett did not engage in the use of excessive force, he was the arresting officer. As such, Prickett's argument that he was a mere bystander is disingenuous. Prickett was integral to the seizure herein which rendered him a participant rather than a bystander. *See James by James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990). Accordingly, summary judgment should be denied on this ground. For the reasons stated above, Prickett's motion for summary judgment based on the defense of qualified immunity should be denied as well.

## CONCLUSION

Based on the foregoing, the court hereby **DENIES** the Defendants' motion for summary judgment (docket entry #26) and the Defendants' supplemental motion for summary judgment (docket entry #34).

**SIGNED this the 17th day of August, 2007.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE