UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

GUS LIVINGSTON ELLIOTT,

*Plaintiff*

V.                                              No. 4:05-CV-344

MARK LINNELL, and

GREGORY J. PRICKETT,

*Defendants*

**PLAINTIFF'S WRITTEN OBJECTIONS TO THE COURT'S**

**PROPOSED CHARGE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Gus Livingston Elliott, Plaintiff in the above captioned and numbered cause, and, pursuant to the Federal Rules of Civil Procedure, files the following written objections to the Court's Charge to the Jury in this case, and in this connection would respectfully show unto the Court as follows:

**Page 6 (Court's Charge):**

The Plaintiff has alleged in his First Amended Complaint "that Defendant Prickett was present, an active participant, and an integral part of the seizure of Plaintiff, and that Defendant Prickett is therefore liable to Plaintiff, under Section 1983, jointly and severally with Defendant Linnell, for the objectively unreasonable use of force against Plaintiff by Defendant Linnell."[1] The Plaintiff's first objection is that the Court's charge mischaracterizes Plaintiff's claim as comprising a claim of "bystander" liability. The

---

[1] Plaintiff's First Amended Complaint, page 7, ¶4.3.

Plaintiff nowhere in his First Amended Complaint has alleged Defendant Prickett was a mere "bystander." While Plaintiff has also pled a claim based on the failure to act by Defendant Prickett, Plaintiff's independent "active participant/integral part" claim against Defendant Prickett does not require Plaintiff to prove that Defendant Prickett, while *affirmatively acting* as a concurrent cause of the injuries to Plaintiff (by forcing Plaintiff on to the truck of a vehicle), had an opportunity but failed to prevent Defendant Linnell from slamming Plaintiff's face into the truck of the vehicle.

**Page 6 (Court's Charge):**

Initially, for the reasons previously stated by Plaintiff verbally at length on the record, jury instructions and submission of a question to the jury concerning the affirmative defense of qualified immunity in this case constitutes reversible error. This procedure directly conflicts with the explicit rulings by the majority of the U.S. Courts of Appeals;[2] the implicit rulings by the U.S. Supreme Court;[3] and rests upon a misinterpretation of prior rulings by the U.S. Court of Appeals for the Fifth Circuit.

With regard to Fifth Circuit precedent, the Court has stated that when disputed facts necessary to resolve the qualified immunity question must be submitted to the jury, "the jury, properly instructed, may decide the question."[4] The Court has also ruled that when this circumstance arises, the jury "must determine the objective legal reasonableness of the officer's conduct."[5] These precedents merely acknowledge that when a jury determines that an officer's conduct is found by a jury to have been "objectively unreasonable," after being "properly instructed" concerning the rules that the

---

[2] *See, Keylon v. Albuquerque*, 535 F.3d 1210, 1217 (10th Cir. 2008)(listing cases).
[3] *See,* Plaintiff's Response In Opposition to Defendants' Motion for Summary Judgment, 10-13 (filed 3/12/20007).
[4] *Presley v. City of Benbrook*, 4 F.3d 305, 410 (5th Cir. 1993)
[5] *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000).

District Court has determined to be the relevant "clearly established law, the jury necessarily "decides" or "determines" the viability of the affirmative defense. These cases by no means authorize or encourage submission of conflicting, and inescapably inconsistent jury interrogatories.

Additionally, as mentioned, submission of two questions, one which inquires into whether the defendants' actions were "objectively unreasonable," and another which inquires whether Defendants' actions were "objectively reasonably," will likely, if not inescapably, result in juror confusion. This is particular so where, as here, the substantive Fourth Amendment standard and the relevant "clearly established law" (as stated by the Fifth Circuit in 2001), is identical (and has been for more than 10 years).[6]

Moreover, and notwithstanding the foregoing errors, the Court's jury instructions fail to inform the jury what part, if any, of its Court's instructions actually constituted "clearly established law" at the time of Defendant's actions. This omission thus fails to provide the Jury with any means by which to measure Defendants' claims that their actions *were not* "objectively unreasonable" in light of that pre-existing, "clearly established law."

The Court has also misstated the nature of Defendants' qualified immunity claim. The Defendants' qualified immunity claim is, as the Court states in its instructions, that "their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue." Rather, their claim properly stated, is that their conduct

---

[6] *Bazan v. Hidalgo County*, 246 F.3d 481, 487 (5th Cir. 2001); *Ikerd v. Blair,* 101 F.3d 430, 433-434 (5th Cir. 1996)("It is clearly established law in this circuit that in order to state a claim for excessive force in violation of the Constitution, a plaintiff must allege (1) an injury, which (2) resulted directly and  only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3)  objectively unreasonable.").

*was not objectively unreasonable* in light of the legal rules clearly established at the time of the incident in issue.

**Page 7 (Court's Charge):**

For several reasons, **t**he Court has erred by including an instruction (apparently derived from the "Fifth Circuit Pattern Jury Instructions") which states that Plaintiff must prove either that "the Defendants were plainly incompetent" or Defendants "knowingly violated the Plaintiff's constitutional right" in order to overcome Defendants' assertions of qualified immunity.

First, the Fifth Circuit has never endorsed, and in fact *has expressly stated it has not endorsed*, the instructions on qualified immunity that appear in "Fifth Circuit Pattern Jury Instructions."[7]

Secondly, although the burden of persuasion on the issue of qualified immunity was at one time unclear, *Gomez v. Toledo*, 446 U.S. 635, 642 (1980) (Rehnquist, J., concurring) (reading majority opinion as "leav[ing] open the issue of the burden of persuasion, as opposed to the burden of pleading, with respect to a defense of qualified immunity"); that question was resolved in *Harlow v. Fitzgerald*, 457 U.S. 800, 815, 819 (1982)("if *the official pleading the defense can prove* he did not know the relevant legal standard the defense should be sustained.")(italics added), *accord*, *Benigni v. City of Hemet*, 853 F.2d 1519, 1525 (9th Cir. 1988)("we think it equally clear that the burden of proving the defense lies with the official asserting it."); *Garris v. Rowland*, 678 F.2d 1264, 1271 (5th Cir. 1982)("Since qualified immunity is an affirmative defense, it is the

---

[7] *Presley v. City of Benbrook, supra,* 4 F.3d at 410 n. 5.

duty of the defendant to plead it…*and to establish* his entitlement to official immunity.")(italics added).[8]

Thirdly, both Plaintiff and Defendants *have agreed* in their respective proposed jury instructions (contained in the Joint Pretrial Order) that the Defendants, and not Plaintiff, bear the burden on the qualified immunity question.

Fourth, the relevant inquiry is whether the Defendants, with presumptively fair notice of clearly established law, *did not act* in contravention of that clearly established. The question of whether either or both of them are, or were, "incompetent" is not a proper issue for the jury's consideration. This particular instruction has been disapproved by at least one U.S. Court of Appeals.[9]

Fifth, the alternate means stated to overcome qualified immunity, i.e., that Plaintiff prove Defendants "knowingly violated the law," directly conflicts with U.S. Supreme Court precedent concerning the Fourth Amendment, Title 42 U.S.C. Section 1983, and the qualified immunity doctrine. As for the Fourth Amendment, an official's "knowledge" that he is violating the law is "irrelevant" to the constitutional question of whether Plaintiff's Fourth Amendment rights were violated.[10] Proof that Defendants

---

[8] Although some panel decisions within the Fifth Circuit rendered after *Garris v. Rowland* have ruled that defendant officials asserting qualified immunity do not bear the ultimate burden to establish that their conduct did not violate clearly established law, *e.g.*, *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992), *Garris* remains controlling precedent on this issue. In the Fifth Circuit, "one panel…cannot overrule the decision of another panel; such panel decisions may be overruled only by subsequent decisions of the Supreme Court or by the Fifth Circuit sitting *en banc*." *Lowrey v. Texas A & M University*, 117 F.3d 242, 247 (5th Cir. 1997).

[9] *Keylon v. Albuquerque*, supra, 535 F.3d at 1220 n. 4 ("Nowhere in our precedent have we required that the plaintiff also show that the defendant was either plainly incompetent or knowingly violated the law.").

[10] *Scott v. United States*, 436 U.S. 128, 135-136 (1978); *Whren v. United States*, 517 U.S. 806, 813 (1996); *Graham v. Connor*, 490 U.S. 386, 398 (1989); *Bond v. United States*, 529 U.S. 334, 338 n. 2 (2000).

"knowingly" violated the law is likewise not required by Title 42 U.S.C. Section 1983.[11] And with regard to the qualified immunity issue, there is a vast difference between the question of whether defendants have overcome the presumption that they had fair notice of "clearly established law," and the Court's requirement that they must have "knowingly violated the law" in order to be held liable.

Sixth, under the qualified immunity doctrine it is irrelevant whether the Defendant *subjectively* held a "reasonable belief" that their actions were lawful.

Finally, apparently due to a typographical error, the phrase "objectively reasonable action," should be "objectively *unreasonable* action."

Respectfully submitted,

_____/s/_____
Richard Gladden
Texas Bar No. 07991330
100 West Oak, Ste. 302
Denton, Texas 76201
Phone: 940/323-9307
Fax: 940/382-5829

*Attorney-in-Charge for Plaintiff*

## CERTIFICATE OF SERVICE

I, Richard Gladden, hereby certify that I have delivered a true and correct copy of the foregoing document on the Defendants, both through the Court electronic filing system, as well as by e-mail, on their Attorney of Record, Mr. Seth Dennis, Assistant

---

[11] *Parratt v. Taylor,* 451 U.S. 527, 534 (1981)("Section 1983, unlike its criminal counterpart…has never been found by this court to contain a state-of-mind requirement"); *Daniels v. Williams*, 474 U.S. 327, 330 (1986)(Section 1983 "contains no state of mind requirement independent of that necessary to state a violation of the underlying constitutional right."); *Farmer v. Britton*, 511 U.S. 825, 841 (1994)(same); *Bryan County v. Brown*, 520 U.S. 397, 405 (1997)(same).

Attorney General of the State of Texas (seth.dennis@oag.state.tx.us ), on this 23rd day of

March, 2006.


_____/s/_____
Richard Gladden