

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS
APR 2 3 2009
DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUS LIVINGSTON ELLIOTT, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:05-CV-344 |
| MARK LINNELL and GREGORY J. PRICKETT, | § § § § | |
| Defendants. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the

evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

During the trial, you heard the testimony of Dr. Wayne B. Bishop and Dr. Martin Denbar, who were presented to you as experts in the field of dentistry. You also heard the testimony of Chief Daniel L. McCollum and Commander Albert Rodriguez, who were presented to you as experts in police policies and procedures.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Do not let bias, prejudice or sympathy play any part in your deliberations. All persons are equal before the law and must be treated as equals in a court of justice.

The plaintiff in this action claims that the defendants violated the plaintiff's constitutional rights when they used excessive and unnecessary force in arresting the plaintiff. As a result of the defendants' actions, the plaintiff claims that he suffered injury for which he seeks damages.

The defendants deny that any of their actions during the time in question violated the plaintiff's constitutional rights. The defendants claim that they were acting in good faith and with probable cause. The defendants further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Section 1983 of Title 42 of the United States Code provides that any citizen may seek redress in this court by way of damages against any person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the constitution or laws of the United States.

In order to prove his claim under this statute, the plaintiff must establish by a preponderance of the evidence each of the following elements:

(1) the defendants intentionally committed acts which operated to deprive the plaintiff of a right secured by the Constitution of the United States;

(2) the defendants acted under color of the authority of the State of Texas;

(3) that the defendants' acts were the legal cause of the plaintiff's damages.

In this case you are instructed that the defendants were acting under color of state law at the time of the acts complained of. The plaintiff alleges that the defendants used excessive force in arresting him.

United States citizens are protected against the use of excessive force by the Fourth Amendment to the Constitution. In order to prove that the defendants used excessive force in violation of the Fourth Amendment, the plaintiff must prove by a preponderance of the evidence:

1. some harm, that

2. resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was

3. objectively unreasonable in light of the facts and circumstances at the time.

If the plaintiff fails to prove any one of these elements, you must find for the defendants.

Some of the things you may want to consider in determining whether the defendants used excessive force are (1) the extent of the injury suffered, (2) the need for the application of force, (3) the relationship between the need and the amount of force used, (4) the threat reasonably perceived by the responsible officials, and (5) any efforts made to temper the severity of a forceful response. Injuries which result from, for example, an officer's use of force to overcome resistance to arrest do not involve constitutionally protected interests. An officer's use of excessive force does not give constitutional protection against injuries that would have occurred absent the excessive force.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The nature of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

This reasonableness inquiry is an objective one: the question is whether the officer's actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

If you find that the plaintiff has proven his claims, you must then consider the defendants' defense of qualified immunity that their conduct was objectively reasonable in light of the legal rules clearly established at the time of the incident in issue and that the defendants are therefore not liable.

Police officers are presumed to know about the clearly established constitutional rights of citizens, including the right to be free from the use of excessive force under the Fourth Amendment. The instructions I have given you concerning the Fourth Amendment describe the clearly established law at the time of the incident in question. However, the qualified immunity defense focuses on the question of whether a reasonable police officer would understand in the situation he confronted at the time of the arrest that what he is doing violates that right. An officer might correctly perceive all of the relevant facts but have a mistaken understanding as to whether a particular amount of force is legal in those circumstances. If the officer's mistake as to what the law requires is reasonable, the officer is entitled to the qualified immunity defense.

Therefore, if, after considering the scope of discretion and responsibility generally given to police officers in the performance of their duties, and after considering all of the surrounding circumstances of the case as they would have reasonably appeared at the time of the arrest, you find from a preponderance of the evidence that plaintiff has proved either (1) that the defendants were plainly incompetent or that (2) they knowingly violated the law regarding the plaintiff's constitutional rights, you must find for the plaintiff. If, however, you find that the defendants had a reasonable

belief that their actions did not violate the constitutional rights of the plaintiff, then you cannot find them liable even if the plaintiff's rights were in fact violated as a result of the defendants' actions.

The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendants was a cause-in-fact of the damage the plaintiff suffered. An act or a failure to act is a cause-in-fact of an injury or damages if it appears from the evidence that the act or omission played a substantial part in bringing about or actually causing the injury or damages. The plaintiff must also prove by a preponderance of the evidence that the act or failure to act by the defendants was a proximate cause of the damage plaintiff suffered. An act or omission is a proximate cause of the plaintiff's injuries or damages if it appears from the evidence that the injury or damage was a reasonably foreseeable consequence of the act or omission.

If you should find for the plaintiff and against one or both of the defendants, then you must decide the issue of damages.

If the plaintiff has proven his claims against one or both of the defendants by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether one or both of the defendants is liable. I am instructing you on damages only so that you will have guidance in the event you decide that one or both of the defendants is liable and that the plaintiff is entitled to recover money from the defendants.

If you find that one or both of the defendants is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff

whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to compensatory damages for the past and future, reasonable and necessary medical expenses that have been incurred and that in all probability will be incurred by the plaintiff directly as the result of his injury. If the plaintiff wins, he is also entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, emotional distress, outrage and embarrassment that he has suffered because of the defendants' conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

A. Damages Accrued

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

B. Calculation of Future Damages

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

C. Reduction of Future Damages to Present Value

An award of future damages necessarily requires that payment be made now for a loss that the plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, then you must determine the present worth in dollars of such future damages.

If you make any award for future medical expenses, you should adjust or discount the award to present value. You may consider the reasonable expense of medical care and treatment that the plaintiff will require because of his injuries which were caused by the defendants' wrongful conduct.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

You may award damages for any bodily injury that the plaintiff sustained and any pain and suffering, and/or mental anguish that the plaintiff experienced in the past as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the

compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

You must not award compensatory damages more than once for the same injury. The plaintiff is only entitled to be made whole once, and may not recover more than he has lost. Of course, if different injuries are attributed to the separate claims, then you must compensate the plaintiff fully for all of his injuries.

You may impose damages on a claim solely upon the defendant or defendants that you find are liable on that claim. Although there are two defendants in this case, it does not necessarily follow that if one is liable, the other is also liable. Each defendant is entitled to fair, separate and individual consideration of his case without regard to your decision as to the other defendant. If you find that only one defendant is responsible for a particular injury, then you must award damages for that injury only against that defendant.

You may find that more than one defendant is liable for a particular injury. If so, the plaintiff is not required to establish how much of the injury was caused by each particular defendant whom you find liable. Thus, if you conclude that the defendants you find liable acted jointly, then you may treat them jointly for purposes of calculating damages. If you decide that both of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without determining individual percentages of liability.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinions and change your mind if you become convinced that

you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the court security officer, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise.

Signed this the 23rd day of April, 2009.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| GUS LIVINGSTON ELLIOTT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:05-CV-344 |
| | § | |
| MARK LINNELL and GREGORY J. PRICKETT, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## VERDICT FORM

We the jury find as follows:

### INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that one or both of the defendants intentionally committed acts that violated the plaintiff's federal constitutional right not to be subjected to excessive or unreasonable force during an arrest?

Answer "Yes" or "No" in the spaces provided.

  **Answer**:  Defendant Linnell \_\_\_\_\_

        Defendant Prickett \_\_\_\_\_

If you answered "Yes" to one or both parts of Interrogatory No. 1, then proceed to Interrogatory No. 2. Otherwise, proceed no further.

## INTERROGATORY NO. 2

Do you find from a preponderance of the evidence that one or both of the defendants' acts were the proximate or legal cause of damages sustained by the plaintiff?

Answer "Yes" or "No" in the spaces provided.

  **Answer**:  Defendant Linnell \_\_\_\_\_

        Defendant Prickett \_\_\_\_\_

If you answered Interrogatory No. 2 "Yes" for either or both defendants, then proceed to Interrogatory No. 3. Otherwise, proceed no further.

## INTERROGATORY NO. 3

Do you find from a preponderance of the evidence that the plaintiff's claims for the excessive use of force are barred under the doctrine of qualified immunity as instructed by the court?

Answer "Yes" or "No" in the space provided.

  **Answer**: \_\_\_\_\_

If you answered Interrogatory No. 3 "Yes," then proceed no further. Otherwise, proceed to Interrogatory No. 4.

## INTERROGATORY NO. 4

What sum of money, if any, if paid now in cash, do you find by a preponderance of the evidence would fully and fairly compensate the plaintiff for the damages, if any, caused by the actions of Defendant Linnell and/or Defendant Prickett?

Answer in dollars and cents, if any.

| | | |
|---|---|---|
| A. | Past physical pain and suffering | $_____ |
| B. | Past mental anguish, emotional distress, outrage and embarrassment | $_____ |
| C. | Past medical expenses | $_____ |
| D. | Future medical expenses | $_____ |

Date: _____    Signed: _____
                                  Foreperson